[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, a special education student, brings this action claiming sexual assault against the school bus driver and the Town of Glastonbury and the Board of Education and the Superintendent of Schools. The latter three defendants move to strike on the basis of Sovereign Immunity. Additionally the Town moves to strike on the basis that the plaintiffs have failed to allege a factual basis for a duty.
The motion to strike is directed to the revised complaint of November 16, 2000, Counts Three, Four, Five, Seven, Eight and Nine. The third, fourth and fifth counts set forth the minor's claims of negligence against the Town, the Board and the Superintendent. The seventh, eighth and ninth counts assert claims against those entities under the indemnity statute, 7-465a.
The allegations of the complaint allege that the minor was a special education student who was assigned to special education transportation when she was sexually assaulted on various dates by the bus driver Watts. The complaint further alleges that Watts was "under the supervision, control and/or direction of the Defendants Town of Glastonbury, the Board of Education and/or the Superintendent of Schools." It is claimed in this motion to strike that local boards of education are agents of the State when performing educational functions and therefore that they enjoy sovereign immunity from suit as concerns this action.
The Connecticut Supreme Court has dealt with a similar claim of sovereign immunity as concerns the duty to supervise students. ". . . the state, unless it consents to be sued, enjoys sovereign immunity from suit, and that such immunity has been extended to agents of the state acting on its behalf and is not subject to governmental immunity CT Page 15150 exceptions. Although these statements of the law are accurate, our jurisprudence has created a dichotomy in which local boards of education are agents of the state for some purposes and agents of the municipality for others. To determine whether the doctrine of sovereign immunity applies to a local school board we look to whether the action would operate to control or interfere with the activities of the State. The duty to supervise students is provided for the benefit of the municipality. Therefore, sovereign immunity is not implicated in the present case."Purzyki v. Fairfield, 244 Conn. 101, 112 (1998).
The factual scenario of the above case dealt with claims of failure to supervise children during a lunch period, causing the plaintiff to sustain injuries by being tripped by a fellow student. (See also the Supreme Court's citing of Cahill v. Board, of Education 187 Conn. 94, 102
(1982), whereby employment contacts are primarily the function of the local community and hence do not operate to control the activities of the state.) Bearing in mind the conclusion that the duty to supervise children while in school is a local function for the benefit of the municipality, and hence not subject to the defense of sovereign immunity (Porzyki, supra), it should be obvious that the furnishing of transportation to bring students to and from schools is also a local function.
Existing statutes requires that "Each local or regional board of education shall furnish, by transportation or otherwise "school accommodations". . . . General Statutes 10-186 (a). See also General Statutes — 220(a). Likewise General Statutes 10-76d (e)(1) requires that "any local or regional board of education which provides special education pursuant to any mandate in this section shall provide transportation . . ."
It is difficult to envision a function which is more localized and of greater benefit to the municipality than is the providing of school transportation. Almost every aspect of the function is peculiar to each of the localities, including the routes of travel, times of departure and arrival, types of vehicular equipment to be used, choice of vehicle operators, suspension during inclement weather, etc all of which are peculiarly local determinations. This function, these activities do not control or interfere with any activities of the state.
This court determines that, as pleaded, the causes of action set forth herein are not subject to the principle of sovereign immunity.
 II
The defendant Town of Glastonbury claims that it is not subject to suit CT Page 15151 in this action because the plaintiffs have failed to have alleged a factual basis for a duty. As set forth herein the plaintiffs alleged that the actor, Watts, was "under the supervision, control and/or direction of the Defendant Town of Glastonbury, the Board of Education, and/or the Superintendent of Schools." (Pleading in the alternative is permissible under our rules of practice).
If facts provable in the complaint would support a cause of action, the motion to strike must be denied. The Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580 (1997). From the complaint it cannot be determined that the Town played no role in employing or supervising the activities of the bus operator Watts. It alleges that Watts was the agent servant and employee of the town. This court takes note that the General Statutes 52-557 acknowledges that transportation may be provided by a person operating under a contract with any town, school district or other municipality. The implication of this statute certainly suggests that boards of education may and do employ others, including municipalities, to provide student transportation. It is a question of fact as to whether the town assumed this duty and hence the obligation to properly perform this duty. Questions of fact such as this cannot be resolved by a motion to strike.
 III
The defendants contend that General Statutes 52-557 is inapplicable to this action, as it does not effectively preclude sovereign immunity from applying to this action. This court is in agreement with Nisinzweig v.Kurien, Superior Court Stamford, August 21, 2001. Even if the doctrine was not inapplicable by virtue of Purzyki v. Fairfield, supra, then C.G.S. 52-557 would still bar sovereign immunity.
Lastly, the defendants also claim that an indecent physical assault with accompanying emotional injury is not a "personal injury". The court finds that this argument is not supportable in logic or in law.
For the reasons set forth herein the motion to strike is denied.
L. Paul Sullivan, J.